☞JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard and Margaret Meehl, h/w

### DEFENDANTS
First Student, Inc. a/k/a First Student Service and Firstgroup America, Inc., et al. LLC

(b) County of Residence of First Listed Plaintiff **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hamilton County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Silverman Bernheim & Vogel
Two Penn Ctr., Ste 910, Phila., PA 19102
215-569-0000
Jennifer L. Haeberle, Esquire
Jeffrey A. Krawitz, Esquire

Attorneys (If Known) **unknown**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C.A. Section 1332**
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **in excess of $150,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 6/2/05
SIGNATURE OF ATTORNEY OF RECORD /s/ Jennifer L. Haeberle

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RICHARD AND MARGARET MEEHL, h/w | : | CIVIL ACTION |
| v. | : | |
| FIRST STUDENT, INC. a/k/a FIRST STUDENT SERVICES, LLC and FIRSTRGROUP AMERICA, INC. and FIRST VEHICLE SERVICES and FIRST TRANSIT, INC. and HAZEL PRINGLE | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| June 2, 2005 | *Jennifer L Haeberle* | PLAINTIFF RICHARD AND MARGARET MEEHL |
| Date | Attorney-at-law | Attorney for |
| | JENNIFER L. HAEBERLE, ESQUIRE | |
| 215-569-0000 | 215-636-3999 | jhaeberle@sbvlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT     APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1002 Napfle Street, Second Floor, Philadelphia, PA 19111**

Address of Defendant: **705 Central Avenue, Suite 300, Cincinnati, OH 45202.**

Place of Accident, Incident or Transaction: **New Jersey**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Jennifer L. Haeberle, Esquire**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/2/05    *Jennifer L Haeberle*    89733
                  Attorney-at-Law                             Attorney I.D.#
                  Jennifer L. Haeberle, Esquire

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/2/05    *Jennifer L Haeberle*    89733
                  Jennifer L. Haeberle, Esquire

UNITED STATES DISTRICT COURT　　　　APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1002 Napfle Street, Second Floor, Philadelphia, PA 19111**

Address of Defendant: **705 Central Avenue, Suite 300, Cincinnati, OH 45202.**

Place of Accident, Incident or Transaction: **New Jersey**
*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　Yes☐　No☒

---

Does this case involve multidistrict litigation possibilities?　　Yes☐　No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?　　Yes☐　No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

---

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Jennifer L. Haeberle, Esquire** counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **6/2/05**　　*Jennifer L Haeberle*　　**89733**
　　　　　　　　　　　Attorney-at-Law　　　　　　Attorney I.D.#
　　　　　　　　Jennifer L. Haeberle, Esquire

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **6/2/05**　　*Jennifer L Haeberle*　　**89733**
　　　　　　　　Jennifer L. Haeberle, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD AND MARGARET MEEHL, h/w<br><br>Plaintiffs,<br><br>v.<br><br>FIRST STUDENT, INC. a/k/a FIRST STUDENT SERVICES, LLC<br>and<br>FIRSTGROUP AMERICA, INC.<br>and<br>FIRST VEHICLE SERVICES<br>and<br>FIRST TRANSIT, INC.<br>and<br>HAZEL PRINGLE<br><br>Defendants. | CIVIL ACTION - LAW<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiffs, Richard and Margaret Meehl, husband and wife, by and through their counsel, Silverman Bernheim & Vogel, by way of Complaint, hereby aver the following:

1. The Plaintiffs, Richard and Margaret Meehl ("the Meehls"), are citizens and residents of the Commonwealth of Pennsylvania, and reside therein at 1002 Napfle Street, Second Floor, Philadelphia, PA 19111.

2. Defendant, First Student, Inc., a.k.a. First Student Services, LLC ("First Student"), is, and was, at all times relevant hereto, a corporation with corporate headquarters located at 705 Central Avenue, Suite 300, Cincinnati, Ohio 45202. At all times relevant, First Student owned and possessed a certain motor vehicle involved in the

accident hereinafter more fully described.

3. Defendant, First Student is, and was, at all times relevant hereto, a corporation doing business in the State of New Jersey with a bus depot located at Cologne Avenue and White Horse Pike, Cologne, New Jersey 08213. At all times relevant, First Student owned, possessed and/or maintained a certain motor vehicle involved in the accident hereinafter more fully described.

4. Defendant, FirstGroup America, Inc. ("FGA"), is, and was, at all times relevant hereto, a corporation with corporate headquarters located at 705 Central Avenue, Suite 300, Cincinnati, Ohio 45202. At all times relevant, FGA owned, possessed, contracted for and/or maintained a certain motor vehicle involved in the accident hereinafter more fully described.

5. Defendant, First Vehicle Services ("First Services"), is, and was, at all times relevant hereto, a corporation with corporate headquarters located at 705 Central Avenue, Suite 300, Cincinnati, Ohio 45202. At all times relevant, First Services owned, possessed, contracted for and/or maintained a certain motor vehicle involved in the accident hereinafter more fully described.

6. Defendant, First Transit, Inc. ("First Transit"), is, and was, at all times relevant hereto, a corporation with corporate headquarters located at 705 Central Avenue, Suite 300, Cincinnati, Ohio 45202. At all times relevant, First Transit owned, possessed, contracted for and/or maintained a certain motor vehicle involved in the accident hereinafter more fully described.

7. Defendant, Hazel Pringle ("Pringle"), is a citizen and resident of the State of New Jersey and resided therein at all times relevant at 56 Park Avenue, Collings

Lakes, New Jersey 08094. At all times relevant, Pringle was employed as a bus driver for the Defendants, FGA, First Student, First Services and First Transit, and operated and controlled a school bus involved in the accident hereinafter more fully described with the express permission and authority of the other Defendants.

8. Defendants, First Student, First Services and First Transit, are operating units of FGA.

9. Defendant, FGA, is the United States based North American operating unit of its parent company, First Group, PLC (a worldwide public transportation company) and provides transportation services throughout the United States to school students.

10. Defendant, Pringle, was at all times relevant an employee, agent, servant, contractor, workman and/or representative of Defendants, First Student, FGA, First Services and/or First Transit.

11. At all times relevant, Defendants, First Student, FGA, First Services and First Transit were acting by and through their agents, servants, workpersons, operators and employees, all within the course and scope of their employment.

12. On or about Thursday, December 4, 2003, at approximately 10:02 a.m., Plaintiff, Richard W. Meehl was lawfully operating a 1991 silver Toyota Corolla, bearing Pennsylvania license plate number DCG0228, and was traveling southbound on CR 561/Eighth Street in Hammonton, New Jersey.

13. At the same time, a yellow school bus bearing New Jersey license plate number S1G313, operated by Defendant, Pringle on behalf of Defendants, First Student, FGA, First Services and First Transit, was traveling westbound on US 322 in Hammonton, New Jersey.

14. Richard Meehl was driving the above-referenced vehicle with his wife, Margaret Meehl, as a front seat passenger in the vehicle.

15. The yellow school bus operated by Pringle was owned, leased, maintained, contracted for or otherwise controlled at all times relevant by Defendants, First Student, FGA, First Group and First Transit.

16. The Meehls stopped at a red traffic light at the intersection of CR 561/Eighth Street and US 322. When the light turned green for traffic on CR 561/Eighth Street, the Meehls proceeded to travel across the intersection in order to make a left turn onto eastbound US 322.

17. Simultaneously, Defendant, Pringle, while operating the school bus westbound on US 322, negligently, carelessly and recklessly disregarded a red traffic light governing her lane of travel and proceeded at full speed into the intersection of US 322 and CR 561/Eighth Street.

18. Defendant, Pringle, was unable to stop the bus prior to impact because it was being operated negligently, carelessly, recklessly and at an excessive rate of speed.

19. As a result, the front of the bus being operated by Defendant, Pringle, violently collided with the driver's side of the Meehls' vehicle.

20. The violent impact caused the Meehls' vehicle to spin 360°, eventually coming to rest facing westbound in the eastbound lane of traffic on CR 561/Eighth Street.

21. As a result of this accident, Richard and Margaret Meehl sustained serious and permanent injuries, along with related damages.

22. The aforesaid collision resulted from the negligence, carelessness and recklessness of the Defendants, and was in no manner whatsoever due to any act or

failure to act on the part of the Meehls. In fact, the Defendants, by and through a Third-Party Administrator, Cambridge Integrated Services Group, Inc., have conceded and accepted liability for this accident.

23. Solely by reason of the aforesaid negligence, carelessness and recklessness of the Defendants, Mr. Meehl sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of his head, neck, back, arms, legs and body, including, but not limited to, concussion, cerebral concussion, loss of consciousness, bilateral multiple rib fractures, liver laceration, vertigo, chest pain, continuing stabbing rib pain, continuing muscle spasms across chest and back, significant respiratory distress, swelling, bleeding, damage to his lungs and 50% loss of lung capacity on the left side and heart contusion, as well as severe aches, pains, post traumatic stress syndrome, mental anxiety, trauma and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known, and aggravation and/or exacerbation of injuries both known and unknown. He has, and will in the future, undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual activities.

24. Solely by reason of the aforesaid negligence, carelessness and recklessness of the Defendants, Mrs. Meehl sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, arms, legs and body, including, but not limited to, chest pain, lower back pain, continuing severe lower left leg pain, left rib contusion, linear fracture of pelvis, left hip pain, continuing severe left lower leg swelling, continuing severe left lower leg bruising, possible compartment syndrome and loss of consciousness; as well as severe aches, pains,

mental anxiety, trauma and anguish and a severe shock to her entire nervous system and other injuries the full extent of which is not yet known, and aggravation and/or exacerbation of injuries both known and unknown. She has, and will in the future, undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual activities and lifestyle.

25. Solely by reason of the aforesaid negligence, carelessness and recklessness of the Defendants, Mr. Meehl has suffered and will in the future continue to suffer mental anguish, humiliation, loss of sense of worth and "well-being", inability to engage in his normal activities, and inability to pursue the normal and ordinary pleasures of life. Mr. Meehl has been prevented from attending to his usual daily activities and duties, and will be prevented for an indefinite period of time in the future, all to his great detriment and loss.

26. Solely by reason of the aforesaid negligence, carelessness and recklessness of the Defendants, Mrs. Meehl has suffered and will in the future continue to suffer mental anguish, humiliation, loss of sense of worth and "well-being", inability to engage in her normal activities, and inability to pursue the normal and ordinary pleasures of life. Mrs. Meehl has been prevented from attending to her usual daily activities and duties, and may so be prevented for an indefinite period of time in the future, all to her great detriment and loss.

27. Solely by reason of the aforesaid negligence, carelessness and recklessness of the Defendants as herein alleged, the vehicle owned by the Plaintiffs was severely damaged and declared a total loss.

## COUNT ONE
## PLAINTIFFS, RICHARD AND MARGARET MEEHL v.
## DEFENDANT, FIRST STUDENT, INC. a/k/a FIRST STUDENT SERVICES, LLC

28. Plaintiffs incorporate by reference all of the well-pleaded averments in paragraphs 1 through 27 as if same were set forth herein fully and at length.

29. The negligence, carelessness and recklessness of the Defendant, First Student, consisted of the following:

    a. maintaining, controlling or operating the bus in a careless, negligent and reckless manner, without regard for the rights and safety of persons in the position of Plaintiffs;

    b. failing to exercise and use the highest degree of skill and care in the maintenance of said vehicle;

    c. failing to exercise due and proper care;

    d. failing to train, supervise, monitor and otherwise control its agents, servants, workpersons, operators and employees including, but not limited to, Hazel Pringle;

    e. failing to hire and/or employ adequately skilled and experienced agents, servants, workpersons, operators and employees including, but not limited to, Hazel Pringle;

    f. violations of the statutes of the State of New Jersey pertaining to motor vehicles including, but not limited to, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1;

    g. maintaining, controlling or operating the school bus in a careless, reckless and negligent manner in violation of the Motor Vehicle Code of the State of New Jersey and the Rules of the Road as set forth in, but not limited to, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1;

    h. operating the school bus in a manner not consistent with the road and weather conditions prevailing at the time;

    i. failing to perform adequate safety inspections upon the school bus prior to putting it into service on the day of the accident;

    j. placing the school bus into operation upon the roadway with defective and improperly maintained mechanical systems;

    k. driving in excess of hours permitted under Federal Safety Regulations;

l.  failing to establish safety procedures to ensure the safe operation of their school buses on the highway;

m.  failing to establish safety procedures to ensure that their school buses and equipment would be adequately inspected, maintained and kept in good repair;

n.  failing to properly train their employees, servants, agents, and persons working under their direction, control and authority;

o.  failing to perform safety training and establish safety training procedures for their employees, agents and drivers;

p.  failure to adopt and place into operation procedures to ensure that their equipment would remain in proper working order;

q.  failing to follow safety procedures which they had adopted;

r.  failing to inspect and maintain the school bus in safe and proper working order;

s.  setting policies and practices which caused drivers to meet time deadlines and schedules in an unsafe manner;

t.  setting time deadlines and/or schedules which caused drivers to engage in unsafe acts and driving;

u.  failing to properly and thoroughly check Defendant, Pringle's, driving record, references, qualifications, licenses and certificates to ensure that she was a competent and safe school bus driver;

v.  failing to property and thoroughly train, supervise, test and recheck Defendant, Pringle's, competency to operate a school bus safely and competently, including but not limited to, medical checks;

w.  violation of applicable laws and regulations;

x.  negligence at law and in fact as will be further revealed through discovery and trial; and

y.  violation of the applicable Federal Motor Carrier Safety Regulations including, but not limited to, §383.123 and §383.91.

30. Due to the foregoing, Plaintiffs, Mr. and Mrs. Meehl, suffered damages as set forth fully in paragraphs twenty-three (23) through twenty-seven (27) above.

WHEREFORE, Plaintiffs, Richard and Margaret Meehl, demand damages herein in a sum in excess of one hundred fifty thousand ($150,000.00) dollars, plus costs and fees.

## COUNT TWO
### PLAINTIFFS, RICHARD AND MARGARET MEEHL v. DEFENDANT, FIRSTGROUP AMERICA, INC.

31. Plaintiffs incorporate by reference all of the well-pleaded averments in

paragraphs 1 through 30 as if same were set forth herein fully and at length.

32. The negligence, carelessness and recklessness of the Defendant, FGA, consisted of the following:

   a. maintaining, controlling or operating the bus in a careless, negligent and reckless manner, without regard for the rights and safety of persons in the position of Plaintiffs;
   b. failing to exercise and use the highest degree of skill and care in the maintenance of said vehicle;
   c. failing to exercise due and proper care;
   d. failing to train, supervise, monitor and otherwise control its agents, servants, workpersons, operators and employees including, but not limited to, Hazel Pringle;
   e. failing to hire and/or employ adequately skilled and experienced agents, servants, workpersons, operators and employees including, but not limited to, Hazel Pringle;
   f. violations of the statutes of the State of New Jersey pertaining to motor vehicles including, but not limited to, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1;
   g. maintaining, controlling or operating the school bus in a careless, reckless and negligent manner in violation of the Motor Vehicle Code of the State of New Jersey and the Rules of the Road as set forth in, but not limited to, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1;
   h. operating the school bus in a manner not consistent with the road and weather conditions prevailing at the time;
   i. failing to perform adequate safety inspections upon the school bus prior to putting it into service on the day of the accident;
   j. placing the school bus into operation upon the roadway with defective and improperly maintained mechanical systems;
   k. driving in excess of hours permitted under Federal Safety Regulations;
   l. failing to establish safety procedures to ensure the safe operation of their school buses on the highway;
   m. failing to establish safety procedures to ensure that their school buses and equipment would be adequately inspected, maintained and kept in good repair;
   n. failing to property train their employees, servants, agents, and persons working under their direction, control and authority;

o. failing to perform safety training and establish safety training procedures for their employees, agents and drivers;
p. failure to adopt and place into operation procedures to ensure that their equipment would remain in proper working order;
q. failing to follow safety procedures which they had adopted;
r. failing to inspect and maintain the school bus in safe and proper working order;
s. setting policies and practices which caused drivers to meet time deadlines and schedules in an unsafe manner;
t. setting time deadlines and/or schedules which caused drivers to engage in unsafe acts and driving;
u. failing to properly and thoroughly check Defendant, Pringle's, driving record, references, qualifications, licenses and certificates to ensure that she was a competent and safe school bus driver;
v. failing to property and thoroughly train, supervise, test and recheck Defendant, Pringle's, competency to operate a school bus safely and competently, including but not limited to, medical checks;
w. violation of applicable laws and regulations;
x. negligence at law and in fact as will be further revealed through discovery and trial; and
y. violation of the applicable Federal Motor Carrier Safety Regulations including, but not limited to, §383.123 and §383.91.

33. Due to the foregoing, Plaintiffs, Mr. and Mrs. Meehl, suffered damages as set forth fully in paragraphs twenty-three (23) through twenty-seven (27) above.

WHEREFORE, Plaintiffs, Richard and Margaret Meehl, demand damages herein in a sum in excess of one hundred fifty thousand ($150,000.00) dollars, plus costs and fees.

### COUNT THREE
### PLAINTIFFS, RICHARD AND MARGARET MEEHL v.
### DEFENDANT, FIRST VEHICLE SERVICES

36. Plaintiffs incorporate by reference all of the well-pleaded averments in paragraphs 1 through 35 as if same were set forth herein fully and at length.

37. The negligence, carelessness and recklessness of the Defendant, First

Services, consisted of the following:

    a. maintaining, controlling or operating the bus in a careless, negligent and reckless manner, without regard for the rights and safety of persons in the position of Plaintiffs;

    b. failing to exercise and use the highest degree of skill and care in the maintenance of said vehicle;

    c. failing to exercise due and proper care;

    d. failing to train, supervise, monitor and otherwise control its agents, servants, workpersons, operators and employees including, but not limited to, Hazel Pringle;

    e. failing to hire and/or employ adequately skilled and experienced agents, servants, workpersons, operators and employees including, but not limited to, Hazel Pringle;

    f. violations of the statutes of the State of New Jersey pertaining to motor vehicles including, but not limited to, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1;

    g. maintaining, controlling or operating the school bus in a careless, reckless and negligent manner in violation of the Motor Vehicle Code of the State of New Jersey and the Rules of the Road as set forth in, but not limited to, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1;

    h. operating the school bus in a manner not consistent with the road and weather conditions prevailing at the time;

    i. failing to perform adequate safety inspections upon the school bus prior to putting it into service on the day of the accident;

    j. placing the school bus into operation upon the roadway with defective and improperly maintained mechanical systems;

    k. driving in excess of hours permitted under Federal Safety Regulations;

    l. failing to establish safety procedures to ensure the safe operation of their school buses on the highway;

    m. failing to establish safety procedures to ensure that their school buses and equipment would be adequately inspected, maintained and kept in good repair;

    n. failing to property train their employees, servants, agents, and persons working under their direction, control and authority;

    o. failing to perform safety training and establish safety training procedures for their employees, agents and drivers;

    p. failure to adopt and place into operation procedures to ensure that their equipment would remain in proper working order;

q. failing to follow safety procedures which they had adopted;
r. failing to inspect and maintain the school bus in safe and proper working order;
s. setting policies and practices which caused drivers to meet time deadlines and schedules in an unsafe manner;
t. setting time deadlines and/or schedules which caused drivers to engage in unsafe acts and driving;
u. failing to properly and thoroughly check Defendant, Pringle's, driving record, references, qualifications, licenses and certificates to ensure that she was a competent and safe school bus driver;
v. failing to property and thoroughly train, supervise, test and recheck Defendant, Pringle's, competency to operate a school bus safely and competently, including but not limited to, medical checks;
w. violation of applicable laws and regulations;
x. negligence at law and in fact as will be further revealed through discovery and trial; and
y. violation of the applicable Federal Motor Carrier Safety Regulations including, but not limited to, §383.123 and §383.91.

38. Due to the foregoing, Plaintiffs, Mr. and Mrs. Meehl, suffered damages as set forth fully in paragraphs twenty-three (23) through twenty-seven (27) above.

WHEREFORE, Plaintiffs, Richard and Margaret Meehl, demand damages herein in a sum in excess of one hundred fifty thousand ($150,000.00) dollars, plus costs and fees.

## COUNT FOUR
## PLAINTIFFS, RICHARD AND MARGARET MEEHL v. DEFENDANT, FIRST TRANSIT, INC.

39. Plaintiffs incorporate by reference herein all of the well-pleaded averments in paragraphs 1 through 38 as if same were set forth herein and at length.

40. The negligence, carelessness and recklessness of the Defendant, First Transit, consisted of the following:

a. maintaining, controlling or operating the bus in a careless, negligent and reckless manner, without regard for the rights and safety of persons in the position of Plaintiffs;
b. failing to exercise and use the highest degree of skill and care in

the maintenance of said vehicle;
c. failing to exercise due and proper care;
d. failing to train, supervise, monitor and otherwise control its agents, servants, workpersons, operators and employees including, but not limited to, Hazel Pringle;
e. failing to hire and/or employ adequately skilled and experienced agents, servants, workpersons, operators and employees including, but not limited to, Hazel Pringle;
f. violations of the statutes of the State of New Jersey pertaining to motor vehicles including, but not limited to, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1;
g. maintaining, controlling or operating the school bus in a careless, reckless and negligent manner in violation of the Motor Vehicle Code of the State of New Jersey and the Rules of the Road as set forth in, but not limited to, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1;
h. operating the school bus in a manner not consistent with the road and weather conditions prevailing at the time;
i. failing to perform adequate safety inspections upon the school bus prior to putting it into service on the day of the accident;
j. placing the school bus into operation upon the roadway with defective and improperly maintained mechanical systems;
k. driving in excess of hours permitted under Federal Safety Regulations;
l. failing to establish safety procedures to ensure the safe operation of their school buses on the highway;
m. failing to establish safety procedures to ensure that their school buses and equipment would be adequately inspected, maintained and kept in good repair;
n. failing to property train their employees, servants, agents, and persons working under their direction, control and authority;
o. failing to perform safety training and establish safety training procedures for their employees, agents and drivers;
p. failure to adopt and place into operation procedures to ensure that their equipment would remain in proper working order;
q. failing to follow safety procedures which they had adopted;
r. failing to inspect and maintain the school bus in safe and proper working order;
s. setting policies and practices which caused drivers to meet time deadlines and schedules in an unsafe manner;
t. setting time deadlines and/or schedules which caused drivers to

        engage in unsafe acts and driving;
- u. failing to properly and thoroughly check Defendant, Pringle's, driving record, references, qualifications, licenses and certificates to ensure that she was a competent and safe school bus driver;
- v. failing to property and thoroughly train, supervise, test and recheck Defendant, Pringle's, competency to operate a school bus safely and competently, including but not limited to, medical checks;
- w. violation of applicable laws and regulations;
- x. negligence at law and in fact as will be further revealed through discovery and trial; and
- y. violation of the applicable Federal Motor Carrier Safety Regulations including, but not limited to, §383.123 and §383.91.

41. Due to the foregoing, Plaintiffs, Mr. and Mrs. Meehl, suffered damages as set forth fully in paragraphs twenty-three (23) through twenty-seven (27) above.

WHEREFORE, Plaintiffs, Richard and Margaret Meehl, demand damages herein in a sum in excess of one hundred fifty thousand ($150,000.00) dollars, plus costs and fees.

## COUNT FIVE
## PLAINTIFFS, RICHARD AND MARGARET MEEHL v.
## DEFENDANT, HAZEL PRINGLE

39. Plaintiffs incorporate by reference herein all of the well-pleaded averments in paragraphs 1 through 38 as if same were set forth herein and at length.

40. The negligence, carelessness and recklessness of the Defendant, Hazel Pringle, consisted of the following:

- a. maintaining, controlling or operating the bus in a careless, negligent and reckless manner, without regard for the rights and safety of persons in the position of Plaintiffs;
- b. failing to exercise and use the highest degree of skill and care in the maintenance of said vehicle;
- c. failing to exercise due and proper care;
- d. violations of the statutes of the State of New Jersey pertaining to motor vehicles including, but not limited to, N.J.S.A. 39:4-97, N.J.S.A. 39:4-81, N.J.S.A. 39:4-120.9, N.J.S.A. 39:4-105, N.J.S.A.

|      | 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1; |
|------|---|
| e.   | maintaining, controlling or operating the school bus in a careless, reckless and negligent manner in violation of the Motor Vehicle Code of the State of New Jersey and the Rules of the Road as set forth in, but not limited to, N.J.S.A. 39:4-97, N.J.S.A. 39:4-81, N.J.S.A. 39:4-120.9, N.J.S.A. 39:4-105, N.J.S.A. 18A:39-1, et. seq., N.J.S.A. 18A:39-19.1, N.J.S.A. 18A:39-17, N.J.S.A. 18A:39-18, N.J.S.A. 18A:39-20, N.J.S.A. 39:3-10.1a, N.J.S.A. 39:5B-32, N.J.S.A. 39:3B-25, N.J.S.A. 39:3-10.1; |
| f.   | operating the school bus in a manner not consistent with the road and weather conditions prevailing at the time; |
| g.   | failing to keep a reasonable lookout for other vehicles lawfully on the road; |
| h.   | failing to warn Plaintiffs that Defendant, Pringle, was heading toward them and was going to collide with the Toyota; |
| i.   | operating the school bus at an excessive speed so that it could not be stopped within the assured clear distance between it and vehicles ahead and lawfully in the intersection; |
| j.   | failing to properly maintain the school bus involved in the accident; |
| k.   | driving at an excessive and unsafe rate of speed under the circumstances; |
| l.   | failing to yield the right of way; |
| m.   | operating the school bus in a manner inconsistent with its safe operation pursuant to Federal Motor Carrier Safety Administration Regulations and similar Regulations in the State of New Jersey; |
| n.   | operating the school bus while under the influence of medication; |
| o.   | failing to operate the school bus in a manner consistent with traffic, traffic patterns and traffic controls; |
| p.   | failing to perform adequate safety inspections upon the school bus prior to putting it into service on the day of the accident; |
| q.   | placing the school bus into operation upon the roadway with defective and improperly maintained mechanical systems; |
| r.   | driving in excess of hours permitted under Federal Safety Regulations; |
| s.   | driving while too fatigued to operate a school bus safely; |
| t.   | failing to drive defensively; |
| u.   | failing to establish safety procedures to ensure the safe operation of their school buses on the highway; |
| v.   | failing to establish safety procedures to ensure that their school buses and equipment would be adequately inspected, maintained and kept in good repair; |
| w.   | failing to follow safety procedures which they had adopted; |

x. failing to inspect and maintain the school bus in safe and proper working order;
y. violation of applicable laws and regulations;
z. negligence at law and in fact as will be further revealed through discovery and trial; and
aa. violation of the applicable Federal Motor Carrier Safety Regulations including, but not limited to, §383.123 and §383.91.

41. Due to the foregoing, Plaintiffs, Mr. and Mrs. Meehl, suffered damages as set forth fully in paragraphs twenty five (25) through twenty nine (29) above.

WHEREFORE, Plaintiffs, Richard and Margaret Meehl, demand damages herein in a sum in excess of one hundred fifty thousand ($150,000.00) dollars, plus costs and fees.

SILVERMAN BERNHEIM & VOGEL

BY: *Jennifer L Haeberle*
Jeffrey A. Krawitz, Esquire
Attorney Identification No. 49530
Jennifer L. Haeberle, Esquire
Attorney Identification No. 89733
Suite 910
Two Penn Center Plaza
Philadelphia, PA 19102
(215) 569-0000
Attorneys for Plaintiffs,
Richard and Margaret Meehl, h/w

Date: June 2, 2005