UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD AND MARGARET MEEHL, H/W | : CIVIL ACTION |
| | : |
| V. | : |
| | : |
| FIRST STUDENT, INC, A/K/A FIRST | : |
| STUDENT SERVICES, LLC AND | : NO. 05-CV-02615 |
| FIRSTGROUP AMERICA, INC. AND FIRST | : |
| VEHICLE SERVICES AND FIRST TRANSIT, | : |
| INC. AND HAZEL PRINGLE | : |

## **DEFENDANTS' PROPOSED POINTS FOR CHARGE**

In addition to the proposed Jury Instructions submitted by Plaintiffs, to which Defendants have not objected, Defendants, First Student, Inc., et. al. request this Honorable Court charge the jury as follows:

1.     **Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**4-71 Modern Federal Jury Instructions-Civil P 71.01 (10)**

2. **Corporate Parties**

In this case, several Defendants are corporations. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

**4-72 Modern Federal Jury Instructions-Civil P 72.01**

3. **Burden of Proof**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint (e.g., by a preponderance of the evidence).

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

**4-73 Modern Federal Jury Instructions-Civil P 73.01**

4.  **Factual Cause**

The plaintiff must prove to you that the defendant's conduct caused the plaintiff's damages. This is referred to as "factual cause." The question is: "Was the defendant's negligent conduct a factual cause in bringing about the plaintiff's damages?"

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

In order for conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury. Therefore, in determining factual cause, you must decide whether the negligent conduct of the defendant was more than an insignificant factor in bringing about any harm to the plaintiff. Under Pennsylvania law, conduct can be found to be a contributing factor if the action or omission alleged to have caused the harm was an actual, real factor, not a negligible, imaginary, or fanciful factor, or a factor having no connection or only an insignificant connection with the injury. However, factual cause does not mean it is the only, primary, or even the most important factor in causing the injury. A cause may be found to be a factual cause as long as it contributes to the injury in a way that is not minimal or insignificant.

**Pa. SSJI (Civ) 3.15**

**5.     Damages - Medical Expenses (First Alternative)**

There has been evidence in this case that medical services were performed for the plaintiff and that time was missed from work. However, you have received no evidence of the amount of the medical expenses nor the amount of wages lost by the plaintiff. Such losses are not recoverable in this case. While you may consider the types of medical services performed in reaching a verdict on the other types of noneconomic damages, such as pain and suffering, your verdict should not include any award for actual medical expenses or wage loss.

**Pa. SSJI (Civ) 6.14**



_____MARGOLIS EDELSTEIN


BY:   /s/ Walter J. Timby, III (WJT5429)
       WALTER J. TIMBY, III, ESQUIRE
       Attorney for Defendants, First Student, Inc.,
       a/k/a First Student Services, LLC and
       FirstGroup America, Inc. and First Vehicle
       Services and First Transit, Inc. and Hazel
       Pringle
       I.D. No. 23894
       The Curtis Center - Fourth Floor
       Independence Square West
       Philadelphia, PA 19106-3304
       (215) 922-1100

# CERTIFICATE OF SERVICE

I, WALTER J. TIMBY, III, ESQUIRE, hereby certify that a true and correct copy of Defendant's Proposed Points for Charge filed on behalf of Plaintiffs Richard and Margaret Meehl regarding applicable law on liability and damages was sent to all parties, via electronic mail, on June 26, 2008.

Jeffrey Krawitz, Esquire
Silverman, Burns, Kasmen & Krawitz
Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102

        MARGOLIS EDELSTEIN

BY:   /s/ Walter J. Timby, III (WJT5429)
      WALTER J. TIMBY, III, ESQUIRE
      Attorney for Defendants, First Student, Inc.,
      FirstGroup America, Inc., First Vehicle
      Services and Hazel Pringle
      I.D. No. 23894
      The Curtis Center - Fourth Floor
      Independence Square West
      Philadelphia, PA 19106-3304
      (215) 922-1100